IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
     v.                        ) Criminal No. 05-103
                               )
KHION BROWN                    )

O P I N I O N

DIAMOND, D.J.

Defendant Khion Brown ("defendant") and his co-defendant,
Angel Ikard, were charged with conspiracy to possess with intent
to distribute and distribution of cocaine and crack cocaine, in
violation of 21 U.S.C. §846.  Defendant has filed a number of
pretrial motions set forth in one omnibus filing (Document No.
22), and the government has responded thereto (Document No. 23).
For the reasons set forth herein, defendant's motions will be
granted in part and denied in part.

Motion to Compel Discovery

Defendant has filed a motion to compel discovery, which seeks
disclosure of nine categories of information.  See defendant's
motion, ¶¶1-9.  Each category will be discussed below.  As an
initial matter, however, governmental disclosure of evidence in
criminal cases is governed by Fed.R.Crim.P. 16(a)(1).  The United
States Court of Appeals for the Third Circuit has recognized that
discovery in criminal cases is limited to those areas delineated

in Rule 16(a)(1), "with some additional material being
discoverable in accordance with statutory pronouncements and the
due process clause of the Constitution." United States v. Ramos,
27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other
areas are limited to the Jencks Act, 18 U.S.C. §3500, and
materials available pursuant to the so-called "Brady doctrine."
Id.

With regard to defendant's specific discovery requests,
defendant first seeks disclosure of any written or oral statements
made by defendant to law enforcement officers. According to the
government, those items were provided to defendant with the Rule
16 materials at his arraignment. Thus, defendant's request will
be denied.

Second, defendant requests his exact location and role in the
conspiracy at the time of his violation, as well as any evidence
that resulted from a search warrant regarding defendant or his
property. With respect to defendant's role in the conspiracy, the
government states that this information already has been provided
to defendant through the Rule 16 materials. With respect to
defendant's search warrant request, the government represents that
it is unaware of any search of defendant or his property. For
these reasons, defendant's request will be denied.

Third, defendant seeks to discover whether any statements
which implicate defendant in the conspiracy were taken from any

2

witness or co-defendant. The government objects that this request is beyond the scope of discovery, and the court agrees. The government is not automatically required to divulge the names of its witnesses in non-capital cases, see United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971), and Fed.R.Crim.P. 16 does not authorize disclosure of witness statements except as provided in the Jencks Act. Accordingly, to the extent defendant seeks immediate disclosure of the names and statements of government witnesses, that request will be denied, and the government will be ordered to provide the requested information in accordance with its Jencks Act disclosure as discussed herein. See infra at 12.

Fourth, defendant requests the names and addresses of any government informants in this case, whether or not they will be called to testify at trial. The government objects that this request is beyond the scope of pretrial discovery. In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized "the government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. The Court held, however, that this privilege is not without limitations. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination

3

of a cause, the privilege must give way." Id. at 60-61.

While there is no fixed rule as to when disclosure is required, McCray v. Illinois, 386 U.S. 300, 311 (1967), the Supreme Court in Roviaro stated that once a defendant sets forth a specific need for disclosure, the court should balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. The burden is on the defendant to show the need for disclosure of the informant's identity. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981). A defendant may satisfy his burden by demonstrating that the informant is a material witness or that his testimony is crucial to the case. Roviaro, 353 U.S. at 64-65. In this case, defendant has not set forth any reason why disclosure of the government informant is required. Therefore, defendant has not satisfied his burden and his request will be denied.

Fifth, defendant asks that the government identify any expert witnesses who will testify at trial. The government states that it has not yet determined if it will use experts in this case. However, the government notes that it has provided defendant with copies of all lab reports through Rule 16 discovery. Under these circumstances, to the extent any information responsive to defendant's request becomes available, the government shall provide all information subject to disclosure under Fed.R.Crim.P.

4

16(a)(1)(G) to defendant forthwith. The court will enter an order to that effect.

Sixth, defendant requests his prior criminal record, as well as any evidence under Fed.R.Evid. 404(b) that the government intends to offer at trial. According to the government, defendant was provided with a copy of his criminal record through Rule 16 discovery, thus that request will be denied. With respect to defendant's request for Rule 404(b) evidence, defendant's omnibus filing contains a separate motion to disclose and exclude uncharged misconduct evidence, which is addressed below. See infra at 10-11. Briefly, the government has indicated that it is aware of the requirement under Rule 404(b) to provide notice of intent to offer evidence of other crimes, wrongs or acts by defendant, and the government has agreed to provide the required notice two weeks in advance of trial.

Seventh, defendant requests that the government disclose all Brady material "as soon as possible." It is well settled that the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). To the extent the government possesses any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith. In

5

regard to possible impeachment evidence under Brady, the government has agreed to supply defendant with such information one week prior to trial.

The Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6 and citing cases). "The district court may dictate by court order when Brady material must be disclosed, and absent an abuse of discretion, the government must abide by that order." Starusko, 729 F.2d at 261. Given the nature of this case, it appears that disclosure of Brady impeachment material one week prior to trial is sufficient to protect defendant's due process rights and ensure that trial delay is avoided. Accordingly, an order will be entered to that effect.

Eighth, defendant asks that the government disclose defendant's role in the alleged conspiracy. As noted above, the government represents that this information was provided to defendant through the Rule 16 materials.

Finally, defendant requests all telephone records involving him relative to this case. The government is not aware of any such information, but it agreed to provide defendant with the requested records if any become available.

6

## Motion for Bill of Particulars

Defendant has moved for a bill of particulars and contends that he is in need of detailed information regarding: (1) the names and addresses of all unnamed co-conspirators; (2) the date on which defendant is alleged to have joined the conspiracy and the names and addresses of all witnesses; (3) the act(s) performed by defendant on which the government relies to support the allegation that he was a member of the conspiracy, as well as the date, time and place of such act(s); and (4) to the extent any acts or statements by others will be imputed to defendant, defendant seeks the name of the person, the alleged act and/or statement, when and where it occurred or was made, and any other relevant witnesses.

A bill of particulars should be granted when the indictment is so vague that it fails to advise the defendant of the nature of the charges. Addonizio, 451 F.2d at 64. In Addonizio, the Third Circuit identified three general scenarios where a bill of particulars is appropriate: (1) to inform the defendant of the nature of the charges being brought against him so that he may adequately prepare his defense; (2) to avoid surprise at trial; and (3) to protect against a second prosecution for an inadequately described offense. Id. at 63-64. "In ascertaining whether a bill of particulars is appropriate, the court may consider not only the indictment, but also all of the information

7

which has been made available to the defendant." United States v. Fischbach & Moore, Inc., 576 F.Supp. 1384, 1389 (W.D.Pa. 1983) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972)).

The indictment in the instant case provides defendant with the particulars of the charged offense in sufficient detail. In addition, the government's response indicates that the charges against defendant in this case resulted from a controlled buy situation in which agents conducted surveillance of a meeting between defendant, his co-defendant and a confidential source. Police reports, audio tapes and video tapes have been provided to defendant. At the arraignment, defendant was provided with lab reports, and his counsel was invited to review the physical and documentary evidence in the government's possession. That evidence has been available for review since the time of defendant's arraignment. See government's response at 22-23. "[T]here is no requirement that the government weave all the information at its command into a warp of fully integrated trial theory for the benefit of the defendant, nor is it necessary for the government to disclose in a bill or particulars the precise details that a defendant and his alleged co-conspirators played in forming and executing a conspiracy...." United States v. Boffa, 513 F.Supp. 444, 485 (D.Del. 1980) (citations omitted). In consideration of the charges set forth in the indictment, along

8

with the information the government has provided to defendant, the court finds that no proper purpose for a bill of particulars would be served by ordering one, and defendant's motion will be denied.

## Motion for a James Hearing

Defendant has moved for a pretrial hearing pursuant to United States v. James, 576 F.2d 1121 (5th Cir. 1978), to determine the admissibility of statements of his alleged co-conspirators under the exception to the hearsay rule set forth at Fed.R.Evid. 801(d)(2)(E). The government's omnibus filing does not contain a response to defendant's motion for a James hearing.

Pursuant to Rule 801(d)(2)(E), "a statement is not hearsay if ... the statement is offered against a party and is ... a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence: (1) that there was a conspiracy involving the defendant and the non-offering party; and (2) that the statement was made during and in furtherance of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987).

In the Third Circuit, there is no authority for holding a separate hearing on the admissibility of co-conspirator statements, see United States v. Ammar, 714 F.2d 238, 246-47 (3d

9

Cir. 1983), and defendant acknowledges that it is within the court's discretion whether to hold a James hearing. Furthermore, "the control of the order of proof at trial is a matter committed to the discretion of the trial judge," United States v. Continental Group, Inc., 603 F.2d 444, 456 (3d Cir. 1979), and it is well settled that a Rule 104 hearing need not be conducted in every case where the government seeks to introduce a co-conspirator's statements against the defendant. Ammar, 714 F.2d at 247. Because the court finds no authority for a mandatory pretrial hearing on the admissibility of co-conspirator statements, and the tendency is to yield to the trial court's discretion in the order of proof at trial, defendant's motion for a pretrial James hearing will be denied.

## Motion to Disclose and Exclude Uncharged Misconduct Evidence

Defendant seeks an order requiring the government to disclose uncharged misconduct evidence pursuant to Fed.R.Evid. 404(b) and he also requests that such evidence be excluded. More specifically, defendant requests that the court conduct a pretrial hearing concerning the use of Rule 404(b) evidence and order the government to provide defendant with any such evidence prior to a hearing on the matter.

Rule 404(b) requires the government to give notice of its intention to use evidence of other crimes, wrongs or acts prior to

10

Case 2:05-cr-00103-GD Document 24 Filed 09/22/05 Page 11 of 14

trial. It provides "that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

Here, the government states that it has not yet identified the specific bad acts by defendant that it will seek to introduce at trial. However, the government notes that it is aware of Rule 404(b)'s notice requirement, and it will provide such notice two weeks prior to trial. The government's offer to furnish defendant with notice of Rule 404(b) evidence two week prior to trial is consistent with the case law discussed above. Contrary to defendant's request, no pretrial hearing is required on the matter, and it is premature to rule on the admissibility of Rule 404(b) evidence until considered in the context of trial.

11

AO 72A
(Rev.8/82)

Accordingly, the court will deny defendant's motion, but the court will enter an order directing the government to provide the required Rule 404(b) notice two weeks before trial.

## Motion for Early Disclosure of Jencks Material

Defendant has moved for an order compelling the government to provide early disclosure of Jencks Act material. The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial. However, the government has indicated that it will provide defendant with Jencks Act material one week prior to trial, and an order will be entered to that effect.

12

Motion for Leave to File Additional Pretrial Motions

Defendant requests that the court enter an order permitting him to file additional pretrial motions should the need arise. The government opposes defendant's request because defendant has been provided extensive discovery in this case, and defendant's counsel has had sufficient time to investigate this matter. The court will grant defendant's request to the extent that he may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

Finally, the government's response contains a request that defendant supply all evidence and information subject to disclosure pursuant to Fed.R.Crim.P. 16(b)(1). That rule requires defendant to disclose documents and objects within his possession that he intends to use in his case-in-chief at trial, reports of tests and examinations, and information concerning expert witnesses. Thus, the court will enter an order directing defendant to disclose the required information in accordance with Fed.R.Crim.P. 16(b)(1) forthwith.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: September 22, 2005

13

AO 72A
(Rev.8/82)

cc:   Almon Burke
      Assistant U.S. Attorney

      Stephen Begler, Esq.
      100 Ross Street, Suite 304
      Pittsburgh, PA 15219

14